# EXHIBIT 1

Bruce C. Burt (USB No. 8453)
James B. Howarth (USB No. 8679)
**BURT & PAYNE, P.C.**
*Mailing Address:*
PO Box 720
Riverton, UT 84065
*Physical Address:*
7090 S. Union Park Ave., #450
Midvale, UT 84047
Telephone: (801) 849-8879
Email: bburt@burtpayne.com
Email: jhowarth@burtpayne.com

*Attorneys for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| NANETTE BELL-BLUNT, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | Tier III |
| THE HOME DEPOT, INC, JOHN DOE, JANE DOE, DOE CORPORATIONS, | **Civil No.:** |
| | **Judge:** |
| Defendants. | |

Plaintiff alleges and complains against Defendant, The Home Depot, Inc. ("Home Depot") as follows:

### PARTIES

1. Plaintiff is and was at all relevant times a resident of Salt Lake County, State of Utah.

2. Upon information and belief, The Home Depot, Inc., is a Georgia based company, principal address 2455 Paces Ferry Rd., N.W., Atlanta, GA 30339.

1

3. Upon information and belief, John Doe, was an employee of The Home Depot, Inc. and was a resident of Salt Lake County, State of Utah.

4. The remaining John Doe, Jane Doe and Doe Corporations are entities that may have caused or contributed to this injury but whose identity is not currently known by Plaintiff.

## JURISDICTION AND VENUE

5. This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code Ann.§ 78A-5-102.

6. The cause(s) of action and injuries giving rise to this Complaint occurred in Salt Lake County, State of Utah, and venue is therefore appropriate in the above-entitled Court pursuant to Utah Code Ann. § 78B-3-307.

7. Pursuant to Rule 26 of the *Utah Rules of Civil Procedure*, Plaintiff elects to file this matter under Tier III.

## FACTUAL ALLEGATIONS

8. Plaintiff, by and through reference, hereby incorporates all preceding paragraphs as if fully set forth herein.

9. On December 20, 2020 Plaintiff was a business invitee at the West Jordan, Utah location of The Home Depot, Inc. ("Home Depot").

10. On this date, Plaintiff visited the Home Depot to purchase wood (plywood) for a home project she was performing.

11. The store was busy and the lumber section was only staffed with one employee working this particular lumber aisle.

12. Before the subject fall and injury, John Doe (or other store employees) shut the aisle down with a barrier to restrict customers from walking down the aisle and to prevent injury.

13. John Doe was using a fork lift while the aisle was closed down; however, after he used the fork lift he left it in the aisle and then opened the barrier(s).

14. When the barriers were closed, a group of several other customers formed as they waited for the barrier to re-open for customer use and shopping.

15. Plaintiff was near or at the front of this line of customers, but there were many other customers present and waiting.

16. When the aisle barrier was opened, this group of customers descended down the aisle and many of them approached John Doe to request assistance.

17. Plaintiff approached John Doe to ask for assistance removing wood from the shelves. She needed three sheets of plywood, but there was only one sheet on the lower shelves and John Doe had to use the forklift to move additional wood from the upper shelves.

18. After retrieving the requested plywood, John Doe parked the forklift behind Plaintiff and there was a crowd of other customers near John Doe and Plaintiff.

19. As John Doe was retrieving the requested plywood, Plaintiff stepped backward to give John Doe more room to retrieve the three sheets of plywood and she tripped on the extended fork of this forklift.

20. Plaintiff fell to the ground and struck her head violently on the cement.

21. The fall was a direct blow to her head and there was nothing she could do to slow her body or otherwise slow her fall as she fell.

22. Plaintiff did not lose consciousness before the fall, nor did she do anything to contribute to the fall.

23. Plaintiff does not believe she lost consciousness after the fall, but she laid on the ground for a brief time to gather herself despite others around her (including John Doe) asking her for assistance to get back up. While still laying on the ground, she declined this assistance to gather herself before getting up and completing her transaction.

24. After completing her transaction at the Home Depot, she went to her vehicle in the parking lot and she began to drive away to her cousin's home, Patty Sampson. On the way to Patty's home, she called Patty and told her what happened.

25. Patty told her not to bring the wood to her home (despite their prior arrangement to do so) because her husband was not comfortable with Plaintiff doing this project at their home after the fall. Plaintiff reacted to this by becoming very angry and voicing her anger toward her cousin and her husband.

26. Plaintiff was not feeling well and was unusually emotional and upset, much more than she normally would have been and she had to find another location to store the wood.

27. After some time, she contacted a neighbor, Annie Porter, and asked to store the wood in their garage to which Annie agreed.

28. Plaintiff then drove to Annie Porter's house to deliver the wood and she reported to Annie Porter the fall and what happened. While dropping this wood off, Annie told her she was concerned about her, that she was acting very abnormally and that she should go to the ER or to a doctor.

29. Plaintiff's memory of these events is blurry, but she recalls going that day to a physical therapy visit at the University of Utah, Nicole Hayes, P.T. for a regularly scheduled pool PT visit.

30. While at this PT visit, the physical therapy staff told her she shouldn't drive, that she had a concussion, and that she was acting very abnormally, including difficulty with word finding and verbally expressing her thoughts.

31. Plaintiff continues to experience significant cognitive difficulties, including word finding, verbal expression, short term memory, etc.  She also continues to have significant difficulty regulating her emotions.

32. Due to her injuries and difficulties, she has encountered financial difficulties and cannot work.

33. Due to her injuries and difficulties, she has been homeless for long periods of time.

34. Due to her injuries and difficulties, she has been suicidal.

35. Much of Plaintiff's ongoing symptomology has exacerbated her pre-existing conditions such as ADD/ADHD, depression, anxiety and POTS.

36. Plaintiff's familial and other interpersonal relationships have been irreparably damaged due to her ongoing injuries and symptoms.

37. Plaintiff is not able to work or hold meaningful employment due to her injuries and symptoms.

## FIRST CAUSE OF ACTION
### (Negligence and/or Recklessness – All Defendants)

38. Plaintiff, by and through reference, hereby incorporates all preceding paragraphs as if fully set forth herein.

39. Home Depot owned and controlled the property upon which Plaintiff's fall occurred.

40. Home Depot owned and controlled the West Jordan location, where the fall and injury occurred.

41. Defendants had a duty to exercise reasonable care to warn and/or prevent an unreasonably unsafe condition on their premises or to prevent negligent conduct by third persons, which would be foreseeable.

42. Defendants created the unreasonably dangerous condition that caused Plaintiff's fall and/or Defendants knew or should have known, through reasonable diligence, that leaving the forklift in the aisle created a foreseeable risk of injury to its customers.

43. Defendants should expect that Plaintiff would not discover the danger of this condition.

44. Defendant failed to exercise reasonable care to protect Plaintiff from falling in their store.

45. Defendants had a duty to take the appropriate precautions to either warn Plaintiff of this potential, hidden, dangerous condition created by their conduct and/or to remedy the condition prior to Plaintiff and others shopping in their store.

46. Defendants breached their duty of care and acted negligently in the following manners (not an exclusive list):

    a. Creating the dangerous condition which caused Plaintiff's fall;

    b. Failure to provide adequate warning of the dangerous condition;

    c. Failure to remedy the dangerous condition;

    d. Failure to adhere to company policy by leaving the forklift unattended and/or failing to warn of its presence;

    e. Failure to have sufficient staff/employees to assist John Doe.

47. As a direct and proximate result of Defendants actions (or omissions), Plaintiff suffered serious personal injuries, endured pain and suffering, and significant past and future medical expenses.

48. As a direct and proximate consequence of Defendant's negligence, Plaintiff has incurred other special and general damages.

## SECOND CAUSE OF ACTION
(Negligence – Vicarious Liability – All Defendants)

49. Plaintiff, by and through reference, hereby incorporates all preceding paragraphs as if fully set forth herein.

50. At the time of Plaintiff fall and injury, Defendant's employees knew or should have known of the dangerous condition on the premises.

51. Under the doctrine of respondeat superior, Defendant is vicariously liable for their employees' negligence.

52. Defendants had a duty to exercise reasonable care to warn and/or prevent an unreasonably unsafe condition on their premises or to prevent negligent conduct by third persons, which would be foreseeable.

53. Defendants created the unreasonably dangerous condition that caused Plaintiff's fall and/or Defendants knew or should have known, through reasonable diligence, that leaving the forklift in the aisle created a foreseeable risk of injury to its customers.

54. Defendants should expect that Plaintiff would not discover the danger of this condition.

55. Defendant failed to exercise reasonable care to protect Plaintiff from falling in their store.

56. Defendants had a duty to take the appropriate precautions to either warn Plaintiff of this potential, hidden, dangerous condition created by their conduct and/or to remedy the condition prior to Plaintiff and others shopping in their store.

57. Defendants breached their duty of care and acted negligently in the following manners (not an exclusive list):

    a. Creating the dangerous condition which caused Plaintiff's fall;

    b. Failure to provide adequate warning of the dangerous condition;

    c. Failure to remedy the dangerous condition;

    d. Failure to adhere to company policy by leaving the forklift unattended and/or failing to warn of its presence;

    e. Failure to have sufficient staff/employees to assist John Doe.

58. As a direct and proximate result of Defendants actions (or omissions), Plaintiff suffered serious personal injuries, endured pain and suffering, and significant past and future medical expenses.

59. As a direct and proximate consequence of Defendant's negligence, Plaintiff has incurred other special and general damages.

## DAMAGES

60. Plaintiff, by and through reference, hereby incorporates all preceding paragraphs as if fully set forth herein.

61. As a direct and proximate result of Defendant's negligence, omissions, recklessness, and wrongful acts, Plaintiff suffered serious physical and emotional injuries and emotional pain and suffering and loss of enjoyment of life, and will suffer this in the future.

62. As a further direct and proximate result of Defendant's negligence, omissions, recklessness, and wrongful acts, Plaintiff has been severely injured and has suffered and will suffer the following additional damages:

   a. Past and future damages for expenses of medical treatment and health care due to said injuries;

   b. Past and future damages for impairment, pain and anguish, and loss of enjoyment of life;

   c. Past and future damages for gratuitous care and services including attendant care, nursing care, therapy, and other care and assistance, and for the payment of medical expenses rendered to and/or paid on behalf of Plaintiff by other persons and entities;

9

    d.  General damages.

  63. Plaintiff's claims for damages are such as to qualify her claims for Tier III discovery as defined by Rule 26(c) of the *Utah Rules of Civil Procedure*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined by the trier of fact for the following damages:

    1.  Special damages in an amount to be proven at trial;

    2.  General damages in an amount to be proven at trial;

    3.  For any other further legal and/or equitable relief deemed just and proper by the court, including, but not limited to, attorneys' fee, costs, interest, and other damages.

  DATED this 9th day of June, 2022.

                **BURT& PAYNE, P.C.**

                */s/ Bruce C. Burt*

                _____

                Bruce C. Burt
                **Attorneys for Plaintiff**

# Return of Electronic Notification

| Recipients |
|---|
| **BRUCE BURT** - Notification received on 2022-06-09 18:05:33.25. |

## \*\*\*\*\*\* IMPORTANT NOTICE - READ THIS INFORMATION \*\*\*\*\*
## NOTICE OF ELECTRONIC FILING [NEF]

| | |
|---|---|
| **A filing has been submitted to the court RE:** | 220903484 |
| **Case Title:** | BELL-BLUNT, NANETTE vs. THE HOME DEPOT INC, et al. |
| **Judge:** | MATTHEW BATES |
| **Commissioner:** | |
| **Official File Stamp:** | 06-09-2022 18:05:02 |
| **Court:** | 3RD DISTRICT COURT - SALT LAKE District Salt Lake |
| **Document(s) Submitted:** | Complaint and Demand for Jury Trial |
| **Filed by or in behalf of:** | BRUCE BURT |

This notice was automatically generated by the courts auto-notification system.

**The following people were served electronically:**

BRUCE BURT for NANETTE BELL-BLUNT

**The following people have not been served electronically by the Court. Therefore, if service is required, they must be served by traditional means:**

DOE CORPORATIONS
JANE DOE
JOHN DOE
THE HOME DEPOT INC