IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Nanette Bell-Blunt,<br><br>    Plaintiff,<br><br>v.<br><br>Home Depot USA and Kevin Kaae,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMOVE AND ORDERING DEFENDANTS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Case No.  2:22-cv-00468-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is a motion filed by Plaintiff Nanette Bell-Blunt ("Bell-Blunt") requesting that the court remove this case to state court. ECF No. 20. The motion is DENIED. However, having independently reviewed the pleadings, the court orders Defendants to show cause as to why this case should not be remanded.

On June 9, 2022, Bell-Blunt filed a complaint against The Home Depot, Inc. in the Third Judicial District Court for Salt Lake County, Utah. ECF No. 2-2. On July 14, 2022, Home Depot removed the case to this Court pursuant to 28 U.S.C. § 1441. On September 30, 2022, Bell-Blunt filed a motion to amend her complaint, ECF No. 16, which this Court granted on October 18, 2022. ECF No. 17. The next day, Bell-Blunt filed her amended complaint. ECF No. 18. The amended complaint added Kevin Kaae and The Home Depot U.S.A., Inc., as defendants, and removed The Home Depot, Inc. as a defendant. *Id.*

On January 3, 2023, Bell-Blunt filed a motion to remove the case to state court. ECF No. 20. While the clerk who entered the motion on the docket described it as a motion to remand, the

caption in the underlying document states that the motion is a "Motion for Removal to District Court." *Id.* But a plaintiff cannot remove her own action; the removal power belongs to the defendant. *See* 28 U.S.C. § 1441 (emphasis added) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants* . . . ."); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) . . . ."). Bell-Blunt did not simply make a mistake on her caption, her entire motion concerns removal. *See* ECF No. 20 at 2 (stating that this court has diversity jurisdiction and proper venue over this case). Bell-Blunt requests removal, which refers to transferring a case from state court to federal court, while simultaneously requesting that the court remove the action to state court. *See id.* at 1 ("Plaintiff . . . hereby moves the Court for entry of an Order removing . . . from Federal Court to the Third Judicial District Court . . . ."); *id.* at 2 ("[P]arties give notice of its request for removal of the action from the United States Direct [sic] Court, District of Utah, Central Division."). Simply put, Plaintiff's motion makes no sense. Thus, the court DENIES Bell-Blunt's motion to remove the case. ECF No. 20.

The court notes however, that it is unclear whether it has diversity jurisdiction over this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In the amended complaint, Bell-Blunt states that "[u]pon information and belief, [defendant] Kevin Kaae, was an employee of The Home Depot, Inc. and was a resident of Salt Lake County, State of Utah." ECF No. 18 ¶ 3. Plaintiff, Bell-Blunt is also a resident of Utah. *Id.* at 1. If Kaae and Bell-Blunt are both residents of Utah, diversity jurisdiction is destroyed.

Counsel for defendants The Home Depot U.S.A., Inc. and Kevin Kaae filed an answer on behalf of both defendants on November 2, 2022. ECF No. 19. In that answer, counsel represented that "Defendants admit Kevin Kaae was an employee of Home Depot, and deny the remaining allegations of paragraph 3 for lack of information or knowledge." *Id.* ¶ 3. When a party files a pleading before the court, that party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). Counsel's inability (or refusal) to provide Mr. Kaae's state of residence is not reasonable. At the bare minimum, counsel has an obligation to ask his client where he resides. Accordingly, the court orders Defendants to inform the court of Mr. Kaae's state of residence and show cause as to why this action should not be remanded to state court based on lack of diversity jurisdiction. A response must be filed within ten days.

The court orders as follows:

(1) The court DENIES Bell-Blunt's motion to remove. ECF No. 20.

(2) The court orders Defendants to provide Defendant Kevin Kaae's state of residence and SHOW CAUSE as to why this action should not be remanded within ten days.

DATED March 31, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge